UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,             MEMORANDUM & ORDER

08-CR-453 (NGG)

-against-

JOSE ANTONIO RUIZ,

              Defendant.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Jose Ruiz ("Ruiz"), currently detained at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio, brings this "Motion for Sentence Adjustment." (Motion (Docket Entry # 50) at 1.) Ruiz, who is currently proceeding *pro se*, seeks a six-month reduction of his sentence under § 5K2.0 of the United States Sentencing Guidelines (the "Guidelines") because he is ineligible for the Residential Drug and Alcohol Program ("RDAP") due to his immigration status. (Id.) For the following reasons, Ruiz's motion is denied.

I.     BACKGROUND

On November 5, 2008, Ruiz pleaded guilty to knowingly and intentionally conspiring to distribute and possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a). (Plea Transcript (Docket Entry # 25).) On February 25, 2009, Judge Charles B. Sifton of the United States District Court for the Eastern District of New York sentenced Ruiz to sixty-three months incarceration and three years of post-release supervision. (Sifton Judgement (Docket Entry # 35) at 2, 4.) On July 29, 2009, Judge Sifton amended his judgment to include a recommendation to the Bureau of Prisons ("BOP") "[t]hat the defendant participate in a 500 hour [RDAP]." (Amended Sifton Judgment (Docket Entry # 48) at 3.) Ruiz

1

did not appeal his conviction or otherwise challenge his sentence. (Mem. in Opp'n (Docket Entry # 53) at 6.)

Participating in an RDAP would allow Ruiz to be placed in a "halfway-house" six months before his scheduled release date. (Motion at 2.) An RDAP is not available for prisoners incarcerated at NEOCC. (Motion, Ex. 5.) NEOCC offers only a forty-hour, non-residential drug treatment program, which Ruiz has completed three times. (Id., Ex. 1.) To participate in an RDAP, Ruiz would have to be transferred to another detention facility. (Id., Ex. 5.) However, the BOP denied Ruiz's transfer request because he was awaiting an Immigration and Customs Enforcement hearing to determine his deportation status, and because "normally, inmates at hearing sites pending a hearing . . . will not be considered for transfer for program participation . . . purposes." (Id.)

Ruiz claims that "[t]his is a flagrant and obvious violation of the Equal Protection Clause of the U.S. Constitution [that forces] the petit[]ioner to serve his sentence under circumstances more severe than those facing Citizens under similar circumstances." (Id.) As a remedy, Ruiz seeks a six-month reduction in his sentence under Guidelines § 5K2.0. (Id. at 7.)

II. DISCUSSION

Ruiz does not cite any provision of law that would entitle him to relief. He only asserts that his sentence should be reduced pursuant to § 5K2.0 of the Guidelines, a provision that permits sentencing courts to consider a range of factors in determining whether to depart from the Guidelines at the time of sentencing. The court is unaware of any basis in the Federal Rules of Criminal Procedure for modifying Ruiz's sentence now, nearly two years after his sentence was imposed.

Ruiz's claims may be more appropriately presented as a petition for habeas corpus. A federal prisoner "claiming the right to be released upon the ground that [his] sentence was imposed in violation of the Constitution or laws of the United States" may challenge that sentence under 28 U.S.C. § 2255. 28 U.S.C. §2255(a). Ruiz should be aware that any § 2255 petition will be subject to a one-year statute of limitations that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Ruiz's conviction became final on February 25, 2009, and the time to appeal that judgment expired fourteen days later.[1] Fed. R. App. Proc. 4(b)(1)(A)(i). Consequently, if Ruiz files a petition under § 2255, the court will dismiss it as time-barred unless he demonstrates that the statute of limitations should be tolled. See United States v. Molina, 213 F.2d 627 (2d Cir. 2000).

To the extent that Ruiz wishes to challenge the constitutionality of the conditions of his confinement under the Constitution or laws of the United States, the claim is properly brought under 28 U.S.C. § 2241. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998) (explaining that a motion challenging "the execution, not the imposition, of the sentence" is properly brought under § 2241). If Ruiz wishes to present a claim under § 2241, he should file an action in the district of his confinement, the Northern District of Ohio. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) (holding that, for habeas petitions brought under § 2241 "challenging present physical confinement, jurisdiction lies [] only . . . in the district of confinement.").

---

[1] Although Judge Sifton entered an Amended Judgment under Federal Rule of Civil Procedure 36 on July 29, 2009, a conviction becomes final on the date the initial judgment is entered. See Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir. 1996) (*per curiam*) ("Where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment. This doctrine has been applied to judgments reentered to correct technical errors.")

## III. CONCLUSION

Ruiz does not cite, nor is the court aware of, any law that would entitle him to a reduction in his sentence. Consequently, Ruiz's motion is DENIED. Nothing in this Memorandum and Order shall prejudice his ability to raise any similar claims in a petition for habeas corpus.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 7, 2010

NICHOLAS G. GARAUFIS
United States District Judge